United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JORGE LUIS AGUIRRE RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-744 |
| | § | |
| MARKWAYNE MULLIN *et al.* | § | |

**ORDER**

In this habeas proceeding, Petitioner seeks relief under 28 U.S.C. § 2241 (*see* Dkt. No. 1). Finding good cause, the Court hereby **LIFTS** the stay (Dkt. No. 6) and **ENTERS** the following order.

**A. Motion to Consolidate**

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions if they “involve a common question of law or fact.” “A trial court has broad discretion in determining whether to consolidate a case pending before it.” *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (quoting *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir.1985)).

Respondents ask that the Court consolidate this action with the matter before United States District Judge Diana Saldaña (*see* 5:26-cv-762). However, she has already dismissed that action based on Petitioner filing this matter first (*see* 5:26-cv-762, Dkt. No. 7). *See Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993). Given that the Court can no longer grant their requested relief, Respondents’ Opposed Motion for Consolidation (Dkt. No. 8) is **DENIED AS MOOT**.

**B. Order for a Response**

Having reviewed the Petition and given the complexity of the claims, the Court hereby **ORDERS** Respondents to file a response and serve it on Petitioner within **<u>fifteen</u>**

**(15) days** of the date of service by the Clerk of Court.[1] The responsive pleading **must** specifically address whether this Court has jurisdiction to entertain this Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). **Given the time-sensitive nature of Petitioner's claims, no extensions will be granted**.

It is further **ORDERED** that if Petitioner elects to file a reply, they may do so no later than **five (5) days** after Respondents file their respective answers or responses. *See* Rule 5(e) of the Rules Governing Section 2254 Proceedings.

Pursuant to the Memorandum of Understanding dated January 29, 2026, the Court **FOREGOES** mail service. The Clerk of Court is **DIRECTED** to electronically serve the Petition for Writ of Habeas Corpus (Dkt. No. 1), and this Order on the Southern District of Texas's Civil Chief at USATXS.CivilNotice@usdoj.gov.

Such service does not substitute for the requirements of formal service but is instead intended only to provide Respondents notice and an opportunity to be heard at this initial juncture. **Petitioner is directed to serve Respondents in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service**.

To preserve the status quo while the Court considers this matter, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of them from the United States, **at least five (5) days before** any such transfer or removal. Respondents are further **ORDERED** to advise the Court within **three (3) days** of either removing or releasing Petitioner.

---

[1] Any deadlines set forth in a civil summons issued by the Clerk of Court are superseded by the deadlines set forth in this Order.

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

It is so **ORDERED**.

**SIGNED** November 18, 2026.

Marina Garcia Marmolejo
United States District Judge